### MATTHEW RICHARDSON *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW.   *Burglary.   Larceny.   Plea of guilty to lesser crime.
   Instruction.*

   Where a defendant is tried upon an indictment for burglary and
   larceny, and it appears in evidence that he had been prosecuted
   for the larceny and plead guilty thereto, he is entitled to have the
   jury instructed in their consideration of the evidence of such plea
   to limit the same to the larceny.

2. SAME.   *Evidence.   Corpus delicti.*

   Evidence that a defendant charged with larceny pleaded guilty is
   insufficient, of itself, to convict him of burglary in connection
   with the larceny.

FROM the circuit court of Monroe county.

HON. EUGENE O. SYKES, Judge.

The appellant, Richardson, was indicted for burglary and
larceny in the circuit court, the indictment charging that ap-
pellant broke into the house of one Ward and took, stole, and
carried away one gun, the property of said Ward, of the value
of $10.   The defendant pleaded not guilty to this charge.

On the trial Ward testified, for the state, that in September or October, 1900, the house where he resided was broken into and a gun worth about $10 taken away, and that a plank had been prized off the window. Sims, a justice·of the peace, testified, for the state, that appellant was brought before him on a charge of stealing a gun, and that he pleaded guilty to the charge, and was fined $25. Poe, a constable, testified that appellant pleaded guilty to the charge of stealing the gun. The following instruction was asked by the defendant and refused by the court:

"The court charges the jury for the defendant that a conviction of said defendant will not be warranted alone on the confession or admission of the defendant of having stolen the gun. It devolves on the state to show by satisfactory testimony beyond every reasonable doubt to the jury, not only that a crime of burglary was committed, but also the state must convict (*meaning, connect*) the defendant by sufficient evidence with the commission of the crime."

The defendant was convicted and sentenced to the penitentiary, and appeals.

*Gilleylen & Leftwich,* for appellant.

The court below erred in refusing to charge the jury that the confession of the defendant, as alleged to have been made, on a charge of larceny, alone was insufficient to warrant finding defendant guilty of burglary. The court should have given this charge and left the question as to whether there was sufficient independent testimony to establish the *corpus delicti* to be determined by the jury.

In capital felonies, the extra judicial confessions of the prisoner where the *corpus delicti* is not proven by independent testimony, are insufficient to warrant a conviction of the accused. *Stringfellow* v. *State,* 26 Miss., 157; *Heard* v. *State,* 59 Miss., 545; *Jenkins* v. *State,* 41 Miss., 582.

The court below was asked in the charge it refused to inform

the jury that they would not be warranted in finding the accused guilty of the crime of burglary alone on the confession of the prisoner of having stolen the gun. This charge under the above authority should have been given, and its refusal was error. It is not enough to say that the fact of burglary was proven by the testimony of Ward, and, therefore, the confession of the accused became competent, for whether this fact was proven, was not for the court to assume, but for the jury to decide, and the prisoner's guilt or innocence also for them in connection with Ward's testimony and the prisoner's confession. Without this charge the jury may have arrived at this verdict alone from the prisoner's alleged confession or admission, whereas with the charge given and before the jury, this confession would have been obviated.

*W. L. Easterling,* assistant Attorney-General, for appellee.

The court did not take from the jury "the question" as to whether there was sufficient independent testimony to establish the *corpus delicti.*

"When there has been a confession by the accused, much slighter proof is required to establish the *corpus delicti* than would be necessary when the state must make out the entire case, unaided by a confession. Any corroborative proof in such a case will be held sufficient which satisfies the mind that it is a real and not an imaginary crime which the accused had confessed, and the fact that he was the guilty party may be found by the jury on proof much slighter than that ordinarily essential. *Heard* v. *State,* 59 Miss., 545. In this case the burglary was proven and the defendant was found with the stolen gun, and confessed that he did steal it.

WHITFIELD, C. J., delivered the opinion of the court.

The plea of guilty should have been limited to the charge of larceny, in its consideration by the jury. It is manifest that it was only made as a plea of guilty of petty larceny, since that

was the only accusation before the magistrate, who fined appellant $25 and costs. And it is equally manifest that it may have been treated by the jury as a plea of guilty of burglary. The refused instruction should have been granted the appellant. "Convict" is clearly a misprint for "connect," and with the word read "connect," it was a peculiarly proper charge on the facts.

*Reversed and remanded.*